**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4124-16T4

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR SASCO 2007-WF2,

    Plaintiff-Respondent,

v.

RUI AMARAL,

    Defendant-Appellant,

and

SOPHIA B. COSTA, WACHOVIA
BANK, NATIONAL ASSOCIATION
and UNITED STATES OF
AMERICA,

    Defendants.

_____

        Submitted June 19, 2018 — Decided July 17, 2018

        Before Judges Simonelli and Koblitz.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Essex County, Docket No.
        F-032972-09.

        Rui Amaral, appellant pro se.

        Reed Smith, attorneys for respondent (Henry
        F. Reichner, of counsel and on the brief;
        Kristy L. Keiser, on the brief).

PER CURIAM

In this residential foreclosure case, defendant Rui Amaral appeals from the May 1, 2017 final judgment, and an earlier March 28, 2017 order denying defendant's objection to the entry of default judgment. Defendant argues his motion to vacate default should have been granted because he was not served with the complaint, and plaintiff did not have the right to foreclose. We disagree and affirm.

On May 14, 2007, defendant obtained a $352,000 loan from Wells Fargo, N.A. and executed a note and home mortgage to secure the note. Defendant failed to make any payments beginning on March 1, 2009. On June 18, 2009 Wells Fargo assigned the note to plaintiff, U.S. Bank National Association, as Trustee For Sasco 2007-WF2. On June 23, 2009, plaintiff, who held the note, filed the foreclosure complaint, which was personally served on defendant on August 5, 2009 at 9:00 a.m. The affidavit of service contains a physical description of the male served. Defendant did not file an answer and default was entered in October 2010. In September 2013, the matter was dismissed for lack of prosecution. On August 21, 2014 a motion to reinstate was served on defendant by regular and certified mail. It was granted unopposed on September 22, 2014. On October 30, 2015, the matter was again

dismissed for lack of prosecution, and again reinstated without opposition on May 27, 2016.

On August 2, 2016, plaintiff served defendant with a motion for final judgment. Defendant then filed a motion to vacate default and file an answer out of time, claiming he had not been served with the initial complaint. The facts recited in a proof of service are presumed true, and can only be rebutted by clear and convincing evidence. Resolution Tr. v Associated Gulf Contractors, Inc., 213 N.J. Super. 332, 343 (App. Div. 1993). Defendant provided his driver's license to the motion judge, who found that the description on the license matched that of the man served in 2009. The judge found defendant had not provided good cause, as required by Rule 4:43-3, to vacate default after so many years. In his thorough written opinion appended to the September 23, 2016 order, Judge Donald A. Kessler explained why he denied defendant's motion to vacate default. Defendant does not appeal from that order.

Defendant appeals from the order denying his opposition to the entry of default judgment for the same reasons he sought to vacate default. A motion to vacate default may be granted for good cause, but defendant had previously failed to meet that standard. An opposition to a final foreclosure judgment must be based on a disagreement with the amount due only. R. 4:64-1(d)(3).

No such argument is expressed by defendant.  We find his appeal of the grant of default judgment and final judgment is therefore without sufficient merit to require further discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4124-16T4